UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| JAMES YATES | : | |
| And | : | |
| WILL SMITH | : | Case No. _____ |
| Plaintiffs, | : | |
| v. | : | Judge _____ |
| KIM DAVIS, individually and in her capacity as Rowan County Clerk | : | |
| And | : | |
| ROWAN COUNTY, KENTUCKY | : | |
| Defendants. | : | |

## COMPLAINT

1. The Plaintiffs bring this cause of action against the Defendants under 42 U.S.C. §1983 for deprivation of constitutional rights resulting from the Defendants refusal to issue a marriage license to the Plaintiffs, who are otherwise legally permitted to marry.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this case under 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this Court under 28 U.S.C. §1391(b) as all parties reside in Rowan County, Kentucky, and the operative facts giving rise to this cause of action occurred in Rowan, County, Kentucky.

## PARTIES

4. Plaintiff James Yates is an adult male who resides in Rowan County, Kentucky.

5. Plaintiff Will Smith is an adult male who resides in Rowan County, Kentucky.

1

6. Defendant Kim Davis is the duly elected Rowan County Clerk who is responsible for discharging duties, including but not limited to, clerical duties of the Rowan County fiscal court. These duties include processing applications for marriage licenses and issuing marriage licenses. Defendant Davis resides in Rowan County, Kentucky.

7. Defendant Rowan County, Kentucky is a local government entity established under the laws of the Commonwealth of Kentucky.

## FACTS

8. Plaintiffs are and have been in a loving, exclusive same-sex relationship dating back to March, 2006. When they requested an application for a marriage license from Defendant Davis, they were both over the age of eighteen, unrelated by blood, not married to another person, and neither had been adjudged mentally disabled by a competent court.

9. On June 26, 2015 the United States Supreme Court issued its landmark decision in *Obergefell, et al. v. Hodges, et al,* 576 U.S. ____ (2015), which clearly and unequivocally established that same-sex couples have a fundamental right to marry under the Fourteenth Amendment to the United States Constitution. As a result of this decision, the Plaintiffs are qualified to apply for and receive a marriage license in the Commonwealth of Kentucky, including in Rowan County, Kentucky.

10. According to K.R.S. §402.080, county clerks are responsible for issuing marriage licenses, which is the first step taken in the legal process by couples in the Commonwealth of Kentucky who wish to enter into the institution of marriage. The Commonwealth of Kentucky does not recognize marriages entered into without a valid marriage license.

11. On June 26, 2015 Kentucky Governor Steve Beshear indicated he instructed the Kentucky Department of Libraries and Archives to provide Kentucky County Clerk offices with

revised marriage license forms which would allow the county clerks to process marriage licenses that comport with the United States Supreme Court decision in *Obergefell*. Upon information and belief, the revised marriage license forms were available and provided to Kentucky's County Clerk offices, including Defendant Davis's office, as early as June 30, 2015.

12. At all relevant times herein, Defendant Davis was the elected Rowan County Clerk. According to the website http://rowancountyclerk.com, Defendant Davis indicates "I am responsible for providing many services to the people of Rowan County. These duties include general categories of clerical duties of the fiscal court: issuing and registering, recording and keeping various legal records, registering and purging voter polls, and conducting election duties and tax duties. Our office is here to serve the public in a friendly, professional, and efficient manner." Defendant Davis has averred in a pleading (Doc. #33) filed by her in *April Miller, et al. v. Kim Davis*, *individually and in her official capacity, et al.*, No. 15-cv-44-DLB, currently pending before this Court, that "every marriage license must be issued and signed in the county clerk's name and by the county clerk's authority." In other words, no marriage license can be issued by a county clerk without her signature and without her imprimatur.

13. On July 6, 2015 the Plaintiffs traveled to the Rowan County Clerk's office to apply for a marriage license. Plaintiffs were refused an application for a marriage license by Rowan County Deputy Clerk Brian Mason. Mr. Mason informed the Plaintiffs that the Rowan County Clerk, Defendant Davis, had instructed him to deny individuals such as the Plaintiffs from applying for a marriage license. They were informed by Mr. Mason that there was no person in Rowan County, Kentucky that could issue them a marriage license, but he did inform them they could travel to neighboring counties, such as Carter County and Bath County, to apply for the license.

14. Defendants instituted a policy created and exercised by Defendant Kim Davis wherein no citizen of Rowan County, Kentucky would be issued a marriage license by the Rowan County Clerk's office. In fact, Davis has very publically stated she will not issue licenses to anyone because of her aversion to same-sex marriage which is based on her Apostolic Christian religious beliefs.

15. Defendants' policy of refusing to issue marriage licenses to the citizens of Rowan County, Kentucky was and is clearly implemented to deprive the Plaintiffs, and other same-sex couples living in Rowan County, Kentucky, of their fundamental, Constitutional right to marry.

16. Prior to the date the Plaintiffs were first denied an application to apply for a marriage license, several other individuals filed a civil lawsuit and request for a preliminary injunction against Defendants Davis and Rowan County, Kentucky, in the United States District Court for the Eastern District of Kentucky styled *April Miller, et al. v. Kim Davis, individually and in her official capacity, et al.*, No. 15-cv-44-DLB.

17. On August 12, 2015 United States District Court Judge David L. Bunning issued a 28 page order granting the *Miller* Plaintiffs' request for a preliminary injunction. In his Order, Judge Bunning enjoined Defendant Davis from "applying her 'no marriage licenses' policy to future marriage license requests."

18. On August 13, 2015 the Plaintiffs in this matter traveled back to the Rowan County Clerk's office to again apply for a marriage license. They were met by another deputy Rowan County Clerk who informed the Plaintiffs she was instructed not to provide applications for marriage licenses. Clearly in defiance of Judge Bunning's Memorandum Opinion and Order, Defendant Davis retained her policy which the Court specifically enjoined her from enforcing, and denied the Plaintiffs' request to apply for a marriage license. Upon information and belief,

Defendant Davis continues to deny marriage licenses to the citizens of Rowan County, Kentucky with the goal of denying the Plaintiffs, and other same-sex couples living in Rowan County, Kentucky, their fundamental, Constitutional right to marry.

19. Further, on August 13, 2015, after they were denied an application for a marriage license by Defendant Davis, the Plaintiffs visited the office of Rowan County, Kentucky Judge Executive Walter Blevins. Judge Executive Blevins informed the Plaintiffs he could not issue a marriage license to them because his office is not equipped to issue licenses, and because he was unsure if his signature would be considered valid as there were deputy Rowan County Clerks who were available and empowered to issue marriage licenses.

## COUNT I
## (FOURTEENTH AMENDMENT)
**(Defendant Davis in her individual and official capacity and Defendant Rowan County)**

20. At all relevant times herein, the Plaintiffs had and continue to have a clearly established Constitutional right to marry.

21. Defendant Davis is the elected Rowan County Clerk, and as such, serves the Rowan County fiscal court as the elected official tasked with issuing marriage licenses to the citizens of Rowan County, Kentucky. Defendant Davis's role includes establishing final policymaking over the issuance of marriage licenses in Rowan County, Kentucky.

22. At all times referenced herein, Defendant Davis, in her individual and official capacity, was acting under the color of Kentucky law when she established a custom or policy to deny otherwise qualified individuals, including the Plaintiffs, from applying for a marriage license, and when she actually denied the Plaintiffs' request to apply for a marriage license.

23. At all times referenced herein, Defendant Rowan County, Kentucky was acting under the color of state law when its official with final policymaking authority over the issuance of

marriage licenses, Defendant Davis, exercised that authority to adopt a custom or policy for Rowan County, Kentucky of denying individuals, including the Plaintiffs, from applying for marriage licenses even though they were otherwise qualified to marry.

24. Defendants' custom or policy to deny otherwise qualified individuals, including the Plaintiffs, from applying for a marriage license substantially burdens and infringes upon the Plaintiffs' Constitutional right to marry by excluding them from applying for a valid marriage license in Rowan County, Kentucky.

25. Defendants did not possess a compelling, important, or legitimate governmental interest to implement a custom or policy to deny the Plaintiffs an application for a marriage license.

26. At the time the Plaintiffs' right to marry was clearly established, Defendant Davis, in her individual capacity, and Defendant Rowan County, Kentucky willfully, intentionally, and with deliberate indifference to the clearly established rights of the Plaintiffs established a custom or policy to refuse to issue marriage licenses to individuals eligible to marry in order to deny such individuals, including the Plaintiffs, their Constitutional right to marry.

27. At the time the Plaintiffs' right to marry was clearly established, Defendant Davis, in her individual capacity, willfully, intentionally, and with deliberate indifference to the rights of the Plaintiffs refused to allow the Plaintiffs to apply for a Kentucky marriage license in order to deny the Plaintiffs their Constitutional right to marry.

28. At the time the Plaintiffs' right to marry was clearly established, Defendant Davis, in her individual capacity, acted maliciously and with reckless indifference to the rights of the Plaintiffs when she established a custom or policy to refuse to issue marriage licenses to individuals eligible to marry. She is subject, therefore, to punitive damages.

29. At the time the Plaintiffs' right to marry was clearly established, Defendant Davis, in her individual capacity, acted maliciously and with reckless indifference to the rights of the Plaintiffs when she refused to allow the Plaintiffs to apply for a Kentucky marriage license. She is subject, therefore, to punitive damages.

30. As a result of Defendants' conduct, and the deprivation of the Plaintiffs' Constitutional right to marry, the Plaintiffs have suffered and continue to suffer irreparable damage, including but not limited to embarrassment, humiliation, loss of family security and benefits accessible by other married couples.

## COUNT II
### (FIRST AMENDMENT – ESTABLISHMENT CLAUSE)
### (Defendant Davis in her official capacity)

31. Under the First Amendment, applicable to the states, state entities and their officials through the Fourteenth Amendment, the government "shall make no law respecting an establishment of religion."

32. A government official violates the Establishment Clause when he/she lacks a secular purpose for his/her actions and his/her actions have the primary effect to promote a religion.

33. Defendant Davis, acting under color of state law, clearly adopted and enforced the policy of refusing to allow same-sex couples to apply for and receive marriage licenses because of her religious objection to same-sex marriage.

34. Defendant Davis's clear intention in adopting and enforcing her policy was to promote her Apostolic Christian religious beliefs and establish her religious beliefs as the official policy of Rowan County, Kentucky as it concerns the issuance of marriage licenses to same-sex couples.

35. By adopting and enforcing the policy to deny same-sex couples, including the Plaintiffs, the opportunity to apply for a marriage license, Defendant Davis acted willfully, intentionally, and with deliberate indifference to the clearly established rights of the Plaintiffs.

36. As a result of Defendant Davis's First Amendment violations, the Plaintiffs have suffered and continue to suffer irreparable damage, including but not limited to embarrassment, humiliation, loss of family security and benefits accessible by other married couples.

**WHEREFORE,** the Plaintiffs request this Court grant the following relief:

A. Trial by Jury;

B. Judgment against all Defendants, jointly and severally, on each cause of action in a fair and reasonable amount for actual compensatory damages;

C. Punitive damages;

D. Pre-judgment and post-judgment interest;

E. Costs and reasonable attorneys' fees under 42 U.S.C. §1988; and

F. All other relief entitled under law or in equity.

RESPECTFULLY SUBMITTED,

/s/ W. Kash Stilz, Jr.
W. KASH STILZ, JR.
Roush & Stilz, P.S.C.
19 West Eleventh Street
Covington, Kentucky 41011-3003
Telephone: (859) 291-8400
Email: kash@roushandstilzlaw.com

AND

/s/ Rene Heinrich
RENE HEINRICH
The Heinrich Firm, PLLC
526 York Street
Newport, KY 41071
Telephone: (859) 291-2200
Email: rheinrich@nkylawfirm.com